Joseph Gelzinis
vs.  No. 84299.
Lorenzo Terranova

March 12, 1931.

CAPOTOSTO, J. The plaintiff recovered a verdict of $2250 in an action for negligence. The defendant requests a new trial, claiming that the evidence does not support the allegation of negligence as set out in the declaration and that the damages are excessive.

The plaintiff was injured at the intersection of Latham and Plainfield Streets in the City of Providence shortly after 7 P. M., November 29, 1929. The immediate parties were the only witnesses to the accident. The plaintiff claimed that while crossing Latham Street at the crosswalk on Plain Street, he was suddenly struck in the rear by defendant's machine and thrown to the ground. The defendant maintained that as he made a left turn from Plainfield Street into Latham Street the plaintiff walked into the side of his car.

The declaration alleged that the defendant "operated his said motor vehicle in such a careless and negligent manner that he turned suddenly from Plainfield Street into Latham Street and struck said plaintiff in the rear."

The same question which was argued by the defendant in support of the motion for a new trial was presented and overruled in the trial itself. His claim was squarely presented to the jury in charge of the Court. Adverse rulings of the defendant's contention were safeguarded by exceptions. This Court can not review its own decisions. The jury under the instructions which it received properly found for the plaintiff. The verdict is sustained on the question of liability.

The principal injury which the plaintiff sustained was a twisted break of the head of the humerus, resulting in limitation of motion at the shoulder joint. In addition to the usual elements of damages, the plaintiff claimed that for 13 weeks, while incapacitated by his injury, he could not draw from his business the sum of $50 a week, as he had been accustomed to do. The defendant says that this claim is speculative and, to a certain extent, he is right. The plaintiff undoubtedly lost something from his inability to attend personally to his business. What he really lost is difficult to estimate; but $50 a week seems too liberal an amount. The Court feels that the sum of $1800 is fair compensation to the plaintiff for all his damages.

If the plaintiff within five days remits all of said verdict in excess of $1800, the defendant's motion for a new trial is denied, otherwise it is granted.

For plaintiff: Flynn & Mahoney-Leighton.

For defendant: Baker & Spicer.